821 P.2d 1005

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Earl Nelson GROVE, Jr.,
Defendant–Appellant.**

**No. 18900.**

Court of Appeals of Idaho.

Nov. 26, 1991.

Alan E. Trimming, Ada County Public Defender, Richard D. Toothman, Deputy Public Defender (argued), Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen. (argued), Boise, for plaintiff-respondent.

HERNDON, Judge, pro tem.

A jury found Earl Nelson Grove, Jr., guilty of the crime of rape. I.C. § 18–6101(2). He appeals from the judgment of the district court imposing a unified sentence of life in the custody of the Board of Correction, with a minimum period of confinement of ten years. Grove raises three issues for consideration. First, he questions the admissibility at his trial of evidence of non-verbal responses he gave to the detectives at the time he was interviewed following his arrest. Next, he contends the court may have been unduly influenced during the sentencing process by information in the nature of a "victim impact statement," presented by testimony from the victim's daughter. Finally, he asserts that the district court abused its sentencing discretion by imposing an unduly harsh sentence. We affirm.

The record establishes that on December 11, 1989, Grove, age twenty-four, was employed as an orderly at Treasure Valley Manor and the victim was a seventy-seven year-old woman diagnosed as suffering from Alzheimer's Disease and residing at the Manor. Early in the morning of December 11, 1989, a nurse's aide noticed on the hall assigned to Grove that some "call lights" from resident patients seeking help had not been answered. The aide responded to the calls and then noticed a squeaking sound coming from the victim's room.

Upon entering the room the aide found Grove on top of the victim with his clothes down to his ankles and moving up and down on top of her. The aide and an orderly testified at trial that they saw Grove on top of the victim with his pants down and her legs in the air. Due to her illness, the victim did not remember the incident. However, a physical examination later that morning revealed the presence of

semen of the same type as Grove's within her vagina. A jury found Grove guilty of rape and this appeal followed.

■ Grove first argues that the trial judge erred in allowing testimony at his trial about Grove's non-verbal responses— the nodding and shaking of his head in response to an officer's interrogation during an interview following Grove's arrest. The record reveals, as explained by the arresting officer who testified at trial, that the non-verbal responses were given prior to the time Grove asserted his constitutional right to terminate the custodial interview. When Grove decided he did not want to answer any further questions, the interview was terminated. Under the circumstances, we conclude that the trial court did not err in permitting the testimony concerning Grove's non-verbal responses. *See United States v. Gordon*, 895 F.2d 932 (4th Cir.1990).

■ Next, Grove contends that the sentencing judge was unduly influenced by a "victim impact statement"—the testimony of the victim's daughter. However, the sentencing judge may consider in non-capital cases victim impact statements, provided the trial court does not give undue weight to the statement whereby the emphasis shifts from the crime to consideration of the "worth" of the victim. *Payne v. Tennessee*, —— U.S. ——, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991); *State v. Searcy*, 118 Idaho 632, 798 P.2d 914 (1990). Here, as we later shall point out in detail, the sentencing judge clearly focused on the sentencing criteria, as well as the nature of the crime and character of the offender, and did not appear to place excessive emphasis on the effect on the victim and the victim's family. We conclude that the record fails to establish the district court gave undue weight to the testimony of the daughter in the sentencing proceeding.

■ Finally, we turn to the defendant's sentence. In conducting a sentence review, we make an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982).

■ The circumstances of the crime already have been stated. Grove's criminal record includes a prior conviction for aggravated assault in 1983, for resisting and obstructing in 1984, for forgery in 1985, and for burglary in 1987. He had been released from the penitentiary for about six months when the present offense was committed.

■ Grove's sentence is within the statutory maximum of life for rape. I.C. § 18–6104. Appellate review of a sentence is based on the abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If a sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that the confinement is necessary "to accomplish the primary objectives of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982).

■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *Broadhead, supra; State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Grove's actual term of confinement as ten years. Grove must establish that under any reasonable view of the facts a period of confinement for his rape conviction was an abuse of discretion. This Court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

The state requested the court to incarcerate Grove for life with the first twenty-five

years as the fixed portion of his sentence. Grove requested he be given a short fixed prison term (less than five years) or a twenty-five to thirty year probationary period with no jail time.

At sentencing, the district court imposed a sentence which was less severe than the period of confinement recommended by the state. The district court focused on the fact that the victim was unprotected and in an institution that was charged with her care. The judge likened elderly people in that condition to be somewhat like children, who require the added safeguard of being guarded and protected from themselves as well as others. The judge noted that he was shocked by Grove's statement that he saw nothing wrong with his actions and that consenting adults should be allowed to decide when and where to engage in sexual activities. The judge also pointed to Grove's knowledge of the system, through prior experience, and suggested that Grove knew better. The court noted that Grove is a danger to society and that through a period of confinement he hoped that Grove could be rehabilitated and allowed back into society when the parole board made that determination.

In pronouncing the sentence, the court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives, that is, the protection of society, deterrence, rehabilitation and retribution. We find no abuse of the court's discretion. Accordingly, the judgment of conviction for rape, including the sentence imposed, is affirmed.

WALTERS, C.J., and SILAK, J., concur.