# SUPREME COURT OF THE UNITED STATES

## SHAUN MICHAEL BOSSE *v.* OKLAHOMA

### ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS OF OKLAHOMA

No. 15–9173. Decided October 11, 2016

PER CURIAM.

In *Booth* v. *Maryland*, 482 U. S. 496 (1987), this Court held that "the Eighth Amendment prohibits a capital sentencing jury from considering victim impact evidence" that does not "relate directly to the circumstances of the crime." *Id.*, at 501–502, 507, n. 10. Four years later, in *Payne* v. *Tennessee*, 501 U. S. 808 (1991), the Court granted certiorari to reconsider that ban on "'victim impact' evidence relating to the personal characteristics of the victim and the emotional impact of the crimes on the victim's family." *Id.*, at 817. The Court held that *Booth* was wrong to conclude that the Eighth Amendment required such a ban. *Payne*, 501 U. S. at 827. That holding was expressly "limited to" this particular type of victim impact testimony. *Id.*, at 830, n. 2. "*Booth* also held that the admission of a victim's family members' characterizations and opinions about the crime, the defendant, and the appropriate sentence violates the Eighth Amendment," but no such evidence was presented in *Payne*, so the Court had no occasion to reconsider that aspect of the decision. *Ibid.*

The Oklahoma Court of Criminal Appeals has held that *Payne* "*implicitly* overruled that portion of *Booth* regarding characterizations of the defendant and opinions of the sentence." *Conover* v. *State*, 933 P. 2d 904, 920 (1997) (emphasis added); see also *Ledbetter* v. *State*, 933 P. 2d 880, 890–891 (Okla. Crim. App. 1997). The decision below presents a straightforward application of that interpretation of *Payne*. A jury convicted petitioner Shaun Michael

Bosse of three counts of first-degree murder for the 2010 killing of Katrina Griffin and her two children. The State of Oklahoma sought the death penalty. Over Bosse's objection, the State asked three of the victims' relatives to recommend a sentence to the jury. All three recommended death, and the jury agreed. Bosse appealed, arguing that this testimony about the appropriate sentence violated the Eighth Amendment under *Booth*. The Oklahoma Court of Criminal Appeals affirmed his sentence, concluding that there was "no error." 2015 OK CR 14, ¶¶ 57–58, 360 P. 3d 1203, 1226–1227. We grant certiorari and the motion for leave to proceed *in forma pauperis*, and now vacate the judgment of the Oklahoma Court of Criminal Appeals.

"[I]t is this Court's prerogative alone to overrule one of its precedents." *United States* v. *Hatter*, 532 U. S. 557, 567 (2001) (quoting *State Oil Co.* v. *Khan*, 522 U. S. 3, 20 (1997); internal quotation marks omitted); see *Rodriguez de Quijas* v. *Shearson/American Express, Inc.*, 490 U. S. 477, 484 (1989). The Oklahoma Court of Criminal Appeals has recognized that *Payne* "specifically acknowledged its holding did not affect" *Booth*'s prohibition on opinions about the crime, the defendant, and the appropriate punishment. *Ledbetter*, 933 P. 2d at 890–891. That should have ended its inquiry into whether the Eighth Amendment bars such testimony; the court was wrong to go further and conclude that *Payne* implicitly overruled *Booth* in its entirety. "Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality." *Hohn* v. *United States*, 524 U. S. 236, 252–253 (1998).

The Oklahoma Court of Criminal Appeals remains bound by *Booth*'s prohibition on characterizations and opinions from a victim's family members about the crime, the defendant, and the appropriate sentence unless this Court reconsiders that ban. The state court erred in con-

Per Curiam

cluding otherwise.

The State argued in opposing certiorari that, even if the Oklahoma Court of Criminal Appeals was wrong in its victim impact ruling, that error did not affect the jury's sentencing determination, and the defendant's rights were in any event protected by the mandatory sentencing review in capital cases required under Oklahoma law. See Brief in Opposition 14–15. Those contentions may be addressed on remand to the extent the court below deems appropriate.

The judgment of the Oklahoma Court of Criminal Appeals is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

───────────

No. 15–9173

───────────

## SHAUN MICHAEL BOSSE *v.* OKLAHOMA

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
CRIMINAL APPEALS OF OKLAHOMA

[October 11, 2016]

JUSTICE THOMAS, with whom JUSTICE ALITO joins,
concurring.

We held in *Booth* v. *Maryland*, 482 U. S. 496 (1987),
that the Eighth Amendment prohibits a court from admit-
ting the opinions of the victim's family members about the
appropriate sentence in a capital case. The Court today
correctly observes that our decision in *Payne* v. *Tennessee*,
501 U. S. 808 (1991), did not expressly overrule this aspect
of *Booth*. Because "it is this Court's prerogative alone to
overrule one of its precedents," *State Oil Co.* v. *Khan*, 522
U. S. 3, 20 (1997), the Oklahoma Court of Criminal Ap-
peals erred in holding that *Payne* invalidated *Booth* in its
entirety. In vacating the decision below, this Court says
nothing about whether *Booth* was correctly decided or
whether *Payne* swept away its analytical foundations. I
join the Court's opinion with this understanding.