# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #057

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **19th day of October, 2016**, are as follows:

**PER CURIAM**:

2015-K -0995          STATE OF LOUISIANA v. JOHNNY LEE HARRIS (Parish of St. Landry)

The primary distinction between Nelson and the present case is
that there was a substantially stronger showing of discriminatory
effect in Nelson. Regarding Batson steps two and three, however,
the cases are indistinguishable. As in Nelson, the district court
here dismissed defendant's proffered reasons for two strikes
although they were facially race-neutral.  As in Nelson, it is
clear the district court merged the steps of the Batson analysis
which improperly shifted the burden of proof to defense counsel—
the proponent of the strike. The record unquestionably
demonstrates the district court never made a finding that the
race-neutral reasons offered by counsel were pretextual. Although
none of the proffered reasons appear to inherently violate equal
protection, the court nonetheless rejected them for no specific
reason (other than that Duplechain indicated she could fairly
serve as a juror). The court erred thus in putting the burden of
persuasion on the defendant. See State v Green, 655 So. 2d 272,
290 (La. 1995).  Batson makes clear that the burden is on the
opponent of the strike to show purposeful discrimination. See
Batson, 476 U.S. at 94, 106 S.Ct. at 1721.
REVERSED AND REMANDED.

**SUPREME COURT OF LOUISIANA**

**NO. 2015-K-0995**

**STATE OF LOUISIANA**

**VERSUS**

**JOHNNY LEE HARRIS**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,**
**THIRD CIRCUIT, PARISH OF ST. LANDRY**

**PER CURIAM**:

Johnny Lee Harris was charged with the attempted armed robbery of Wayne Duplechain committed on May 25, 2009. He pleaded not guilty and proceeded to trial. During voir dire (and immediately following defense counsel's *Batson*[1] challenge), the state opposed counsel's exercise of a peremptory challenge to strike juror Joanne Guidroz (a white female)[2] with the comment: "Since you made one, I'll make one." After noting that the defense used three of five challenges to strike white female jurors, the court

---

[1] In *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed .2d 69 (1986), the United States Supreme Court held that "the Equal Protection Clause forbids the prosecutor to challenge potential jurors solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Id.*, 476 U.S. at 89, 106 S.Ct. at 1719.

[2] In *Georgia v. McCollum*, 505 U.S. 42, 59, 112 S.Ct. 2348, 2359, 120 L.Ed.2d 33 (1992), the United States Supreme Court held that "the Constitution prohibits a criminal defendant from engaging in purposeful discrimination on the ground of race in the exercise of peremptory challenges." *Id.*, 505 U.S. at 59, 112 S.Ct. at 2359. William and Ella McCollum, who were white, were charged with committing several counts of assault and battery on Jerry and Myra Collins, who were African Americans, and the defense "had indicated a clear intention to use peremptory strikes in a racially discriminatory manner, arguing that the circumstances of their case gave them the right to exclude African–American citizens from participating as jurors in the trial." *Id.*, 505 U.S. at 45, 112 S.Ct. at 2351. In *State v. Knox*, 609 So.2d 803, 806 (La. 1992) (per curiam), this court found that "the *McCollum* decision extends to the circumstance at issue in this case where . . . a black defendant allegedly exercised, or expressed the intention of exercising, racially based peremptory challenges against white prospective jurors."

asked counsel to provide reasons for striking Guidroz and counsel responded, "She has a son who's convicted of a crime and also her spouse works for Slemco and I felt that she would be very conservative." The court then denied the state's "reverse-*Batson*" challenge and voir dire continued.

When the defense exercised a peremptory challenge to strike Carolyn Duplechain, the state again opposed the strike on the ground that Duplechain is a white female. Defense counsel immediately volunteered that Duplechain indicated she knew the assistant district attorney prosecuting the case and she lived next door to a sheriff's deputy. The court disallowed the strike: "[S]he also clearly said it would not affect her at all. In this particular case, I don't think that's sufficient basis for the peremptory challenge."

The defense then exercised a peremptory challenge to strike Kandace Quebedeaux (who is also a white female), to which the state objected: "Same thing." Counsel, again unprompted, volunteered the following as race-neutral justification for striking her:

> All right; she is—she was bonded with [the prosecutor], she said she was a runner, [the prosecutor] said, "Oh well, I'm also a runner" and they had a little laughing, giggling connection going on there. I figured she was bonding with him as a runner and I'm exercising that challenge.

The court responded "Denied" and the defense noted its objection to the denial of its peremptory strikes of Duplechain and Quebedeaux. Duplechain and Quebedeaux were the eleventh and twelfth jurors.

The jury found Harris guilty as charged of attempted armed robbery and the district court sentenced him to 30 years imprisonment at hard labor. The court of appeal affirmed the conviction and sentence. *State v. Harris*, 14-0997 (La. App. 3 Cir. 3/18/15) (unpub'd). A majority of the panel rejected Harris's claim that the trial court erred by granting the state's

2

"reverse-*Batson*" challenges regarding jurors Duplechain and Quebedeaux.

After examining the jurisprudence, and in particular *State v. Nelson*, (La. 3/13/12), 85 So.3d 21, the majority found no error in those rulings:

> After a thorough review of the record, we find no error by the trial court. Regarding Duplechain, the trial court stated reasons for ruling as it did. Further, despite only stating one word, the trial court clearly considered and rejected Defendant's stated reasons for attempting to strike juror Quebedeaux. The trial court's rulings are entitled to deference, and we cannot say that its rulings were unreasonable.

*Harris*, 14-0997, p. 7. Chief Judge Thibodeaux dissented:

> A trial court's ruling is not entitled to deference if there is legal error. The legal error is transparent in this case, and the majority does not recognize it. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1719 (1986), has existed for nearly thirty years, and courts are still struggling to properly apply its procedural dictates. This case is such an example.
>
> The majority recognizes what is clear in the jurisprudence—that the first two steps of the *Batson* analysis can be conflated. Since the trial court instructed defense counsel to provide race-neutral reasons for the strikes at issue, it can be treated as having found prima facie discrimination. However, the trial court's analysis skipped the third stage of *Batson*. The majority likewise does so. It is clear from *State v. Bourque*, 12-1350 (La.App. 3 Cir. 6/5/13), 114 So.3d 642, *writ denied*, 13-1598 (La. 3/14/14), 134 So.3d 1187, and *State v. Nelson*, 10-1724 (La. 3/13/12), 85 So.3d 21, that an omission of the third stage is error.
>
> The trial court did not conduct the third step of the *Batson* analysis and, thus, did not comply with the requirements explained in *Nelson* and *Bourque*. Pursuant to those cases, the conviction and sentence should be vacated and the case remanded for a new trial.
>
> The majority conveniently oversimplifies the legal application of *Batson*, *Nelson*, and *Bourque* by relying on the trial court's rejection of Defendant's proffered race-neutral reasons for strking juror Quebedeaux. However, the trial court's observations and credibility assessments are not at issue. The problem is that the third step of the *Batson* analysis was omitted in this case. In focusing on the trial court's rejection of Defendant's reasons, the majority improperly shifts the burden of proof to Defendant "without conducting an analysis of any of the considerations indicative of purposeful discrimination." *State v. Nelson*, 10-1724 (La. 3/13/12), 85 So.3d 21, 33. That is

exactly what happened in this case. Why that is not recognized is inexplicable.

*Harris*, 14-0997, pp. 8–9 (Thibodeaux, C.J., dissenting) (footnote omitted). The dissent's assessment of the law and application here is correct. Therefore, we grant the appellant's application to reverse the court of appeal, and we find for the reasons that follow that the district court erred in its handling of the state's "reverse-*Batson*" challenge. The conviction and sentence are vacated and the matter is remanded to the district court for further proceedings.

The United States Supreme Court in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69, provided a three-step process for determining when a strike is discriminatory. This year the court reiterated those steps in *Foster v. Chapman*, 578 U.S. ___, 136 S.Ct. 1737, 195 L.Ed.2d 1 (2016):

> First, [the opponent of the strike] must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, [the proponent of the strike] must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether [the opponent of the strike] has shown purposeful discrimination.

*Id.*, 136 S.Ct. at 1747 (quoting *Snyder v. Louisiana*, 552 U.S. 472, 476–77, 128 S.Ct. 1203, 1207, 170 L.Ed.2d 175 (2008) with internal quotation marks and brackets omitted). The court in *Foster* engaged in a record-intensive inquiry into the prosecution's proffered race-neutral reasons for striking black jurors to determine whether the state court erred in *Batson*'s step three.

In the present case, the district court never reached step three. After defense counsel volunteered reasons for striking Duplechain,[3] the district

---

[3] The United States Supreme Court in *Hernandez v. New York*, 500 U.S. 352, 359, 111

court found them to be inadequate justifications for dismissing a juror, particularly one the court found had been questioned and rehabilitated on the defense's concerns, and thus the court essentially treated the challenge like one for cause. The court, however, made no determination whether the state had carried its burden of proving purposeful discrimination. In *State v. Nelson*, 10-1724 (La. 3/13/12), 85 So.3d 21, this court was presented with a similar problem. The district court there rejected the co-defendants' race-neutral reasons for nine strikes, finding that the co-defendants had not overcome the strong numerical prima facie showing made by the state. The court of appeal affirmed, rejecting the co-defendants' claim that the district court erred in shifting the burden to them to prove a lack of discriminatory intent in *Batson*'s step three:

> While the [court of appeal] pointed out defendants reasons for exercising their peremptory challenges were facially race-neutral, the court found no manifest error in the trial court's determination of discriminatory intent. The court found the trial judge's decisions were carefully considered, and despite an "occasional misstatement" by the trial judge during the course of the lengthy argument, the record did not support defendants' assertion that the trial judge placed on them the burden of proving a lack of discriminatory intent. The court reasoned that nearly all of the proffered reasons for excusing the re-seated jurors had no basis in the record, and the State ably pointed this out to the trial court, thus satisfying their burden of proof under the third step of the *Batson* analysis.

*Nelson*, 10-1724, p. 6, 85 So.3d at 27 (citations omitted). This court disagreed:

> In a procedure that confounded steps two and three of *Batson*, we find the trial court erred in two respects. First, the trial court refused to accept the race-neutral reasons offered by defendants, and instead placed the burden on the defendants to

S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991), found that "[o]nce the [proponent of a peremptory strike] has offered a race-neutral explanation for the peremptory challenge and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the [opponent of the strike] had made a prima facie showing becomes moot."

5

rebut the State's prima facie showing of discrimination. Second, and most significantly, the trial court declined to find that defense counsel engaged in purposeful discrimination but instead found that discriminatory effect alone constituted *Batson* error.

*Nelson*, 10-1724, p. 9, 85 So.3d at 29. This court further noted:

In step three of the *Batson* analysis, the court must then determine whether the objecting party has carried his burden of proving purposeful discrimination. *Miller–El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 2331–32, 162 L.Ed.2d 196 (2005); *Batson*, 476 U.S. at 98, 106 S.Ct. 1712. This final step involves evaluating "the persuasiveness of the justification" proffered by the striking party, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Purkett*, 514 U.S. at 768, 115 S.Ct. 1769.

In *Purkett*, the Supreme Court warned against "combining Batson's second and third steps into one, requiring that the justification tendered at the second step be not just neutral but also at least minimally persuasive." *Purkett*, 514 U.S. at 768, 115 S.Ct. 1769. Instead, the Court noted "[i]t is not until the third step that the persuasiveness of the justification becomes relevant—the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination." *Id.* The Court explained that blurring the *Batson* stages can impermissibly shift the burden onto the proponent of the strike:

But to say that a trial judge may choose to disbelieve a silly or superstitious reason at step three is quite different from saying that a trial judge must terminate the inquiry at step two when the race-neutral reason is silly or superstitious. The latter violates the principle that the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike.

*Id.*

*Nelson*, 10-1724, pp. 15–16, 85 So.3d at 32.

The primary distinction between *Nelson* and the present case is that there was a substantially stronger showing of discriminatory effect in *Nelson*. Regarding *Batson* steps two and three, however, the cases are

6

indistinguishable. As in *Nelson*, the district court here dismissed defendant's proffered reasons for two strikes although they were facially race-neutral.[4] As in *Nelson*, it is clear the district court merged the steps of the *Batson* analysis which improperly shifted the burden of proof to defense counsel— the proponent of the strike. The record unquestionably demonstrates the district court never made a finding that the race-neutral reasons offered by counsel were pretextual. Although none of the proffered reasons appear to inherently violate equal protection, the court nonetheless rejected them for no specific reason (other than that Duplechain indicated she could fairly serve as a juror). The court erred thus in putting the burden of persuasion on the defendant. *See State v. Green*, 655 So.2d 272, 290 (La. 1995). *Batson* makes clear that the burden is on the opponent of the strike to show purposeful discrimination. *See Batson*, 476 U.S. at 94, 106 S.Ct. at 1721.

**REVERSED AND REMANDED**

---

[4] *Cf. State v. Scott*, 04-1312 (La.1/19/06), 921 So.2d 904 (State's justification for striking a prospective African-American juror, that she had a son the same age as defendant and would feel sympathy for defendant's mother, was sufficiently neutral to survive a *Batson* challenge), *cert. denied*, 549 U.S. 858, 127 S.Ct. 137, 166 L.Ed.2d 100; *State v. Wilson*, 40,767 (La. App. 2 Cir. 8/23/06), 938 So.2d 1111 (Prosecutor offered legitimate, race-neutral reason for striking African-American juror when it argued that juror was a minister's wife and might hesitate to impose the death penalty), *writ denied*, 06-2323 (La. 4/20/07), 954 So.3d 159, *cert. denied*, 552 U.S. 917, 128 S.Ct. 275, 169 L.Ed.2d 201; *State v. Parker*, 04-1017 (La. App. 5 Cir. 3/29/05), 901 So.2d 513 (When accepted by the trial judge, the lodging of a peremptory challenge based on a juror's body language does not violate *Batson*), *writ denied*, 05-1451 (La. 1/13/06), 920 So.2d 235; *State v. Woods*, 97-0800 (La. App. 1 Cir. 6/29/98), 713 So.2d 1231 (Prospective juror's mistaken belief that prosecutor had represented prospective juror in a lawsuit was a legitimate, race-neutral justification for state's peremptory strike), *writ denied*, 98-3041 (La. 4/1/99), 741 So.2d 1281.