## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49636

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 4, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MELINA PALKEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Hon. Jay P. Gaskill, District Judge. Hon. David H. Judd, Magistrate.

Order of the district court, in its appellate capacity, affirming the judgment of the magistrate court, <u>affirmed</u>.

Melina Palken, Elk City, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Melina Palken pled guilty to two counts of disturbing the peace, Idaho Code § 18-6409. The magistrate court sentenced her to two consecutive ninety-day sentences and suspended all 180 days. The magistrate court placed Palken on unsupervised probation for a period of two years, imposed a $1,000 fine and $157.50 court costs on each count, ordered $1,000 public defender reimbursement, directed her to comply with the terms of a no-contact order, and ordered forty hours of community service. Palken appealed to the district court which, in its appellate capacity, affirmed the judgment imposed by the magistrate court. Palken timely appeals. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The State charged Palken with five counts of misdemeanor trespass, alleging that she repeatedly trespassed on real property owned by the victims in this case. Palken pled guilty to two

amended counts of disturbing the peace. In exchange for her guilty plea, the remaining charges were dismissed.

During the sentencing hearing, one of the victims gave a victim impact statement that recommended a couple days of jail time. The prosecutor acknowledged he was not going to request jail time pursuant to the plea agreement. The prosecutor discussed the conduct at issue in this case and mentioned other criminal matters. The prosecutor asked for consecutive sentences, two years supervised probation with six months of jail time suspended, fines at the discretion of the court, and reimbursement for public defender fees. Palken's counsel addressed the magistrate court, recommending unsupervised probation. Lastly, Palken chose to make a statement to the magistrate court.

The magistrate court imposed two consecutive ninety-day sentences and suspended all 180 days. The magistrate court placed Palken on unsupervised probation for two years and ordered her to pay a $1,000 fine and $157.50 in costs on each count. Additionally, the magistrate court ordered Palken to reimburse the county $1,000 for services of the public defender. The magistrate court issued a no-contact order prohibiting Palken from contacting or knowingly remaining within 300 feet of the victims or their residence for two years. Lastly, the magistrate court ordered forty hours of community service.

Palken timely appealed. The district court, acting in its appellate capacity, affirmed Palken's sentence and the judgment of conviction. Palken timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court.

## III.

## ANALYSIS

Palken argues the district court erred by affirming the magistrate court's sentence. Palken contends her sentence is unreasonable, excessive, and an abuse of discretion, based upon issues she has identified as occurring during the sentencing hearing and within the sentence itself. The State argues the magistrate court did not abuse its discretion and, as a result, the district court did not err on intermediate appeal.

### A.     Sentence

Palken argues the magistrate court abused its discretion by imposing an excessive sentence. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and thus a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Palken argues the district court erred by affirming her sentence and finding there was no abuse of discretion. Palken contends there is "ample evidence of abuse of discretion" which was articulated in her briefing down below and "need not be repeated here" on appeal. As such, Palken provides no cogent argument in her opening brief. Typically, a party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently, Palken has waived the issue on appeal. Even so, the magistrate clearly

3

considered alternative sentencing options, including jail time and supervised probation, mitigating and aggravating circumstances, and fashioned a sentence well within its discretion and consistent with sentencing goals set forth by statute and the decisions of the Idaho appellate courts. Palken's sentences do not exceed the statutory maximum. I.C. §§ 18-113, 18-6409(a). The district court did not err in affirming the magistrate court's sentence.

**B.      Plea Agreement Violation**

Palken argues the district court ignored pertinent material when finding the prosecutor did not violate the plea agreement and that the victim's request for a couple days of jail time breached the plea agreement. Palken again cites to her briefing in the lower court without providing any substantive argument or legal authority in her opening appellate brief. The prosecutor did not breach the plea agreement because the prosecutor did not ask for jail time. Moreover, Palken failed to cite to the record and argued that evidence showed the prosecutor improperly influenced the victim to subvert the plea agreement. *See State v. Lampien*, 148 Idaho 367, 377, 223 P.3d 750, 760 (2009) (prosecutor did not breach plea agreement when prosecutor followed terms of agreement and law enforcement officers recommended jail time during their victim statements because nothing in record suggests officers were improperly influenced). As a result, there was no prosecutorial misconduct and the district court did not err in denying relief on this claim.

**C.      Public Defender Reimbursement**

Palken argues the magistrate court's decision to require Palken to reimburse the county for public defender fees was "highly punitive, and the record cannot be a better match for the meaning of 'arbitrary.'" However, this is the substance of Palken's argument on appeal and she cites to her briefing in the lower courts. A party waives an issue on appeal if either authority or argument is lacking. *Zichko*, 129 Idaho at 263, 923 P.2d at 970.

With that said, Palken's argument below was that the flat fee of $1,000 far exceeded the actual cost to the county. However, Palken's briefing to the district court failed to cite to any evidence that $1,000 is excessive. The magistrate court indicated its belief that fees in excess of $1000 would have been incurred just in court time. Palken has failed to articulate how the magistrate court abused its discretion when she provides no evidence on the record to support her argument. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *State v. Murinko*, 108 Idaho 872, 873, 702 P.2d 910, 911 (Ct. App. 1985). In the absence of an adequate record on appeal to support the appellant's claims, we will not

presume error. *State v. Beason*, 119 Idaho 103, 105, 803 P.2d 1009, 1011 (Ct. App. 1991). As a result, the district court did not err in affirming the magistrate court's order for public defender fees.[1]

**D.      No-Contact Order**

Palken contends the district court erred by affirming the magistrate court's decision to issue a no-contact order between Palken and the victims. Idaho Code § 18-920(1) provides, in relevant part, "[w]hen a person is charged with or convicted of an offense . . . for which a court finds that a no contact order is appropriate, an order forbidding contact with another person may be issued." The purpose of a no-contact order is to protect current and future victims of crimes. *State v. Lodge*, 166 Idaho 537, 540, 461 P.3d 819, 822 (2020). The issuance of a no-contact order is left to the broad discretion of the trial court. I.C. § 18-920(1); *see also State v. Cobler*, 148 Idaho 769, 771, 229 P.3d 374, 376 (2010).

Palken argues there was no record of a confrontation, incident, or personal contact between Palken and the victims to support the magistrate court's decision to impose a no-contact order. The State argues the magistrate court reasonably concluded the no-contact order was necessary to deter Palken from any future altercations with the victims in this case.

The magistrate court stated that it wanted to "deter Ms. Palken from engaging in this just absolutely egregious behavior. To stop this now, to hopefully move on." The magistrate court also deemed Palken's behavior as "extreme or egregious behavior, which has caused substantial emotional distress to the [victims]." Lastly, when ordering the no-contact order, the magistrate court stated I.C. § 18-920 permits the court to issue a no-contact order when appropriate and "this case is certainly one of those."

Palken argues there is nothing in the record to support the magistrate court's finding that her behavior was extreme or egregious. Yet, the victim impact statement described three years of Palken using "harassment and intimidation tactics on us nonstop over that period of time." The victim described one incident in which Palken tied her mule to their porch and peeked through

---

[1]      Palken alludes to an argument that the various fees and costs which a trial court may impose in addition to a fine should be counted against the limitation as to the maximum fine in the applicable statute. In other words, adding the court costs and public defender's fee to the $1000 fine here exceeds the statutory limit of a $1000 fine. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

5

their front door window. The victim expressed that she had such anxiety and fear that if the court system cannot end Palken's behavior, the victim and her husband have considered moving. Palken denied these allegations during sentencing and implied to the magistrate court that she was the victim. Nonetheless, the magistrate court clearly found the victim's statements more credible. The magistrate court was in the best position to determine that a no-contact order was necessary and there is information from the victim impact statement to support the court's conclusion. The district court correctly deferred to the magistrate court's findings in this regard and did not err in affirming the magistrate court's decision to issue a no-contact order.

**E.     Inadmissible and Prejudicial Evidence**

Palken argues the magistrate court allowed inadmissible and prejudicial argument and testimony during the sentencing hearing, which the magistrate court then improperly relied upon to issue its allegedly unlawful and excessive sentence. Palken argues the prosecutor improperly discussed prior and pending criminal charges and the victim improperly made a sentencing recommendation. The State first argues Palken failed to preserve these issues because she failed to object during the sentencing hearing. Next, the State argues the victim impact statement and prosecutor's argument fell within the wide latitude of a sentencing hearing and was not improper or prejudicial.

After a criminal defendant's guilt has been established, the trial court has greater latitude regarding the information that it may consider for sentencing than could have been considered while the State was attempting to establish that guilt at trial. *Brown*, 121 Idaho at 391, 825 P.2d at 488. The rules of evidence do not apply to sentencing proceedings. Idaho Rule of Evidence 101(e)(3); *State v. Creech*, 105 Idaho 362, 366, 670 P.2d 463, 467 (1983). The trial court, therefore, has broad discretion in the admission of evidence at a sentencing proceeding and properly may consider a wide range of evidence in determining an appropriate sentence for the particular defendant before it. *Id.* Moreover, it is essential that the trial court receive all information available about the defendant before imposing sentence so that such sentence will reflect the character and propensity of the defendant as well as the circumstances of the offense. *Id.*

Palken failed to object to any of the testimony she objects to on appeal. As a result, her arguments are not preserved and we could refuse to address her arguments on the merits. Nevertheless, we conclude all the evidence and argument was admissible and not prejudicial.

Palken argues the prosecutor improperly discussed prior and pending charges that were not pertinent to the convictions at hand. The sentencing court may consider prior charges, pending charges, and cautiously consider dismissed charges. *State v. Barnes*, 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App. 1992). It was appropriate for the prosecutor to inform the magistrate court of and for the magistrate court to consider these charges during sentencing.

Palken argues parts of the victim impact statement were inadmissible and prejudicial.[2] First, any testimony Palken contends violated I.R.E. 404 is inapposite since the rules of evidence do not apply during sentencing. I.R.E. 101(e)(3). Next, Palken argues the victim impact statement was beyond the scope of how the crime has affected the victim and any personal losses suffered due to the crime. Most notably, Palken argues it was prejudicial for the victim to recommend a specific sentence pursuant to *Bosse v. Oklahoma*, 580 U.S. 1 (2016) and *Payne v. Tennessee*, 501 U.S. 808 (1991).

The Idaho Constitution guarantees crime victims the right "[t]o be heard, upon request, at all criminal justice proceedings considering . . . sentencing . . . of the defendant, unless manifest injustice would result." IDAHO CONST. art. I, § 22(6). Under I.C. § 19-5306(1)(e), the victim has the right to address the court with an impact statement at the defendant's sentencing hearing. Palken failed to provide legal authority to support the contention that a victim impact statement during sentencing may only discuss how the crime affected the victim and any personal losses suffered. The district court has broad discretion in determining what evidence is to be admitted at a sentencing hearing. *State v. Johnson*, 101 Idaho 581, 583, 618 P.2d 759, 761 (1980). It is a "'fundamental sentencing principle' that 'a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come.'" *Id.* at 584, 618 P.2d at 762 (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)).

Palken cites *Payne*, 501 U.S. 808 as authority for not allowing a victim to make a sentencing recommendation. *Payne* was a capital case which held the Eighth Amendment did not erect a per se bar prohibiting the consideration of victim impact statements in a capital case. *Payne*,

---

[2] Part of Palken's argument is her explanation or denial of what the victim said. The appropriate time to challenge these statements was before the magistrate court where Palken could have explained her behavior or denied the allegation. As an appellate court, we do not weigh testimony or make factual findings that is reserved for the lower court. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998).

7

501 U.S. at 827. *Bosse*, 5801 U.S. 1, clarified that the victim's family's characterization and opinions about the crime, the defendant, and a recommended sentence remained prohibited. These were capital cases, which are unique in terms of the balance between victim impact statements and the Eighth Amendment. *State v. Grant*, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013). The Supreme Court expressly refused to impose these same limitations in non-capital cases, *Booth v. Maryland*, 482 U.S. 496, 509 n.12 (1987), and Idaho has chosen to follow this dichotomy. *Grant*, 154 Idaho at 287, 297 P.3d at 250. In non-capital cases, the sentencing judge may consider victim impact statements, provided the trial court does not give undue weight to the statement whereby the emphasis shifts from the crime to consideration of the "worth" of the victim. *State v. Grove*, 120 Idaho 950, 952, 821 P.2d 1005, 1007 (Ct. App. 1991) (citing *Payne*, 501 U.S. at 111). Additionally, the Idaho Supreme Court has held there are no limitations in the victim's rights statute to prevent a victim from making a sentencing recommendation. *State v. Matteson*, 123 Idaho 622, 625, 851 Pl2d 336, 339 (1993).

Accordingly, it was not improper or prejudicial for the victim to recommend a sentence in her victim impact statement and the magistrate court was free to consider the broad evidence before it during sentencing. Contrary to Palken's contention, the majority of the magistrate court's findings focused upon Palken's conduct and her hollow apology rather than what the victim said. The magistrate court stated:

> [I]n addressing those goals of sentencing, I take into consideration what was raised here in the argument today. I would take into heavy consideration the guilty plea itself. I'm troubled by Ms. Palken's--basically her [d]efense that she posited here today. I heard minimal, if nothing, in the way of a genuine apology or really any type of regret for the specific actions that led to the criminal behavior.

The magistrate court identified the four goals of sentencing and explained its rationale for each. The magistrate court clearly focused on the sentencing criteria and did not place excessive emphasis on the effect on the victim. Furthermore, the sentence fell within statutory limits. The district court did not err by affirming the magistrate court's sentence.

## IV.

## CONCLUSION

Palken has failed to show an abuse of discretion by the magistrate court in sentencing. Accordingly, we affirm the district court's order affirming the magistrate court's judgment.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

8