# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2026

Lyle W. Cayce
Clerk

No. 26-60020

In re DeSoto County, Mississippi; DeSoto County Board of Supervisors; DeSoto County Election Commission,

*Petitioners.*

---

Petition for Writ of Mandamus to
the United States District Court
for the Northern District of Mississippi
USDC No. 3:24-CV-289

---

Before Stewart, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

When the results of the 2020 census showed an increased population in DeSoto County, Mississippi, the County began its decennial redistricting process. *See Harris v. DeSoto Cnty.*, No. 3:24-cv-289, 2025 WL 1230460, at *1 (N.D. Miss. Apr. 28, 2025). That process began in September 2021 and was completed in June 2022. *See id.* Two years later, in September 2024, a group consisting of two black DeSoto County voters and two nonprofits sued to enjoin the County from using the 2022 map, alleging that it violated Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301. The district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court granted the plaintiffs' motion to expedite and scheduled trial for January 26, 2026.

On November 4, 2024, the Supreme Court noted probable jurisdiction in two consolidated cases: *Louisiana v. Callais* and *Robinson v. Callais*. 145 S. Ct. 434 (2024) (mem). The next year, on June 27, 2025, the Court "restored" both cases "to the calendar for reargument." 145 S. Ct. 2608 (2025) (mem.). And shortly thereafter, on August 1, 2025, the Court directed the *Callais* parties to "file supplemental briefs addressing . . . [w]hether the State's intentional creation of a second majority-minority congressional district violates the Fourteenth or Fifteenth Amendments to the U.S. Constitution." *Louisiana v. Callais*, No. 24-109, 2025 WL 2180226, at *1 (U.S. Aug. 1, 2025) (mem.).

About a month later, the County moved for a stay (or, alternatively, a continuance) pending the Supreme Court's resolution of *Callais*. The district court denied the motion. With the trial date rapidly approaching, the County filed an emergency motion for reconsideration on December 30, 2025, again requesting a stay pending the Supreme Court's decision in *Callais*. When the district court denied that motion as well, the County filed a petition for a writ of mandamus, asking us to order the district court to stay its proceedings.

Under the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." That authority includes the writ of mandamus requested here. *See In re Gee*, 941 F.3d 153, 157 (5th Cir. 2019) (per curiam). "Mandamus," however, is a "drastic and extraordinary remed[y] . . . reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). Such relief may issue only when three requirements are met: (1) "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires";

(2) "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable"; and (3) "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (internal quotations and alterations omitted).

Here, we may assume that the first and third requirements are satisfied—that is, that the County has no other adequate means for seeking relief and that issuance of the writ would be appropriate if the right to it could be shown. Nevertheless, the writ may not issue because the County's right to relief is not clear and indisputable.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Of course, "the [district] court's broad discretion in this area . . . is not unbounded." *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983). But before mandamus may issue, there must be "'a clear abuse of discretion' leading to a 'patently erroneous result." *In re TikTok, Inc.*, 85 F.4th 352, 358 (5th Cir. 2023) (quoting *In re Radmax, Ltd.*, 720 F.3d 285, 287, 290 (5th Cir. 2013) (per curiam)).

Staying one case during the pendency of another is unusual. "Only in rare cases will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). And the movant's burden is especially high "if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. In that event, the movant "must make out a clear case of hardship or inequity in being required to move forward." *Id.*

The district court concluded that the County had not met this burden, and we cannot say that conclusion was patently erroneous. While it is true

that denial of a stay will require the County to proceed to trial, the costs of trial are not extraordinary—rather, they are a basic incident of litigation. Nor is it clear what, if any, effect the Supreme Court's decision in *Callais* will have here. Although the *Callais* litigation "reflects the tension between Section 2 of the Voting Rights Act and the Equal Protection Clause," *Callais v. Landry*, 732 F. Supp. 3d 574, 582 (W.D. La. 2024), the claims before the Court are constitutional, not statutory, *see id.* at 581–82, making it uncertain how the Voting Rights Act will figure in the Court's analysis. And if the plaintiffs' claims prove meritorious at trial (a question on which we express no view), delaying the proceedings could result in the abridgment of their right to vote for an additional election cycle. Thus, even if the district court's decision were erroneous, it was neither *patently* erroneous nor a *clear* abuse of discretion.

Nor is the district court "usurping" the Supreme Court's role by proceeding with this case while *Callais* remains pending. All federal courts—whether "supreme" or "inferior"—are equally "vested" with "[t]he judicial Power of the United States." U.S. CONST. art. III, § 1. Incident to that power is the "duty . . . to say what the law is." *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 177 (1803). Thus, while lower courts must follow the Supreme Court's interpretations of federal law (including its eventual decision in *Callais*), *see, e.g.*, *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016) (per curiam), they remain fully competent to decide questions of federal law in the meantime—even when related issues are pending before the Court. *See, e.g.*, *Jackson v. Tarrant Cnty.*, 158 F.4th 571 (5th Cir. 2025) (deciding redistricting case while *Callais* was pending).

No. 26-60020

\*       \*       \*

The County has not demonstrated that its right to a stay pending *Callais* is clear and indisputable. Mandamus therefore cannot issue. The County's petition for a writ of mandamus is DENIED.



**A True Copy**
**Certified order issued Jan 20, 2026**

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**